NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3319

CHARLES D. GRIFFIN,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Charles D. Griffin, of Pensacola, Florida, pro se.

Marla T. Conneely, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, for respondent. On the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3319

CHARLES D. GRIFFIN,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

_____

DECIDED:  August 17, 2007

_____

Before NEWMAN, RADER, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Mr. Charles D. Griffin petitions for review of the decision of the Merit Systems Protection Board, Docket No. AT0752040574-I-1, sustaining the Agency's action removing him from federal employment for misuse of government equipment.  We <u>affirm</u> the decision of the Board.

BACKGROUND

Mr. Griffin was employed as a financial clerk with the Defense Finance and Accounting Service in Pensacola, Florida from 1996 until his removal on April 6, 2004. His difficulties began in January 2003, when fellow employees complained that he was using "loud" and "foul" language during personal telephone calls. His supervisor's efforts to solve the problem began with an informal discussion in late January. In March 2003 Mr. Griffin was reprimanded for misusing government telephones after telephone logs indicated that he had made over 650 personal calls between December 28, 2002 and February 1, 2003, and that he spent an average of 13 minutes on the telephone out of every hour, despite the reprimand. Agency records showed that in April 2003 Mr. Griffin made 623 calls in a 47 hour period. In May, Mr. Griffin's supervisor recommended a fourteen-day suspension, which occurred from July 16, 2003 to July 30, 2003. Following his suspension and a period of leave at his physician's recommendation, Mr. Griffin returned to work in September 2003. His telephone abuse continued, and the Agency finally removed him, effective April 6, 2003.

Mr. Griffin appealed to the Board. He stipulated that his job did not require that he use the telephone, that any use by him of the telephone would have been for personal calls, and that none of the calls he was accused of making were made by any other employee. Before the Board, Mr. Griffin argued that the testimony of his supervisors about his telephone usage and their meeting with him regarding the problem were untruthful. The Administrative Judge determined that Mr. Griffin's testimony was not credible, based on inconsistencies in his testimony, extreme evasiveness, and his failure to identify any motive his supervisors might have to provide dishonest testimony. The Board sustained the

removal, finding that it promoted the efficiency of the service and was a reasonable penalty under the circumstances. This petition followed.

## DISCUSSION

We must uphold decisions of the MSPB unless the decision is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. §7703(c); Covington v. Dep't of Health and Human Services, 750 F.2d 937, 941 (Fed. Cir. 1984).

Mr. Griffin does not now argue that he is innocent of the Agency's charges or that there is no relationship between his telephone use and other conduct and the efficiency of the service. He argues only that the Board failed to take into account his "prior performance and tenure with the Agency and Civil Service Employment" and failed to consider less severe disciplinary actions. The Board did specifically note his history of satisfactory employment and numerous service awards. The Board also evaluated the severity of the removal in light of the factors set forth in Douglas v. Veterans Admin., 5 M.S.P.R. 280, 307-08 (1981). The Board discussed Mr. Griffin's lack of remorse for his conduct, and the failure of repeated efforts on the part of the Agency to solve the problem with less drastic means than removal. Considering all the circumstances, the Board found that removal was a reasonable penalty for the charges the Agency established. We conclude that substantial evidence supports the Board's findings and determinations, and that the decision must be affirmed.